UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York   11747
(631) 247-0404

ATTORNEYS OF RECORD:
PAUL J. SIEGEL (PS2245)
CRAIG S. ROBERTS (CR0155)

---------------------------------------------------------------- X
MALCOLM CHAMBERS AND KIMBERLY
REAVES, Individually and on Behalf of All
Other Persons Similarly Situated,

                                Plaintiffs,

               -against-

SCO FAMILY OF SERVICES,

                                Defendant.
---------------------------------------------------------------- X

VIA ECF

Civil Action No. 06-CV-1275

Hurley, J.
Wall, M.J.

**ANSWER**

      Defendant SCO Family of Services, by its attorneys, Jackson Lewis LLP, for its Answer to the **COMPLAINT AND JURY DEMAND** (hereinafter "Complaint") of Plaintiffs Malcolm Chambers and Kimberly Reaves, states as follows:

## AS TO "NATURE OF THE ACTION"

      1.    Defendant admits solely that this action purports to seek relief pursuant to the Fair Labor Standards Act ("FLSA"), but denies all allegations contained in paragraph 1 and denies further that Plaintiffs have stated a claim under the cited statute or that Plaintiffs are entitled to any relief hereunder.

2. Defendant admits solely that this action purports to seek relief pursuant to the New York Labor Law, but denies that Plaintiffs have stated a claim under the cited statute, and also denies that Plaintiffs are entitled to any relief thereunder.

## AS TO "JURISDICTION AND VENUE"

3. Defendant admits solely that Plaintiffs purport to invoke this Court's jurisdiction pursuant to the cited statutes, but denies that Plaintiffs have stated a claim upon which relief could be granted and denies further that supplemental or primary subject matter jurisdiction should be exercised..

4. Defendant denies the allegations contained within paragraph 4 of the Complaint.

5. Defendant denies the allegations contained within paragraph 5 of the Complaint, except admits that Court may have subject matter jurisdiction to issue a declaratory judgment in appropriate circumstances. Defendant denies that Plaintiffs have pleaded a claim upon which relief could be granted.

## AS TO "THE PARTIES"

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and denies same.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

9. Defendant denies the allegation contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, including subparts (a) through (h) of paragraph 13.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

## AS TO "CLASS ALLEGATIONS"

15. Defendant admits solely that this action purports to seek relief as a class action pursuant to the cited Federal Rules of Civil Procedure, but denies all of such allegations and further denies that Plaintiffs have pleaded a claim upon which relief could be granted or that class certification is appropriate.

16. Defendant admits solely that this action purports to seek relief on a class basis pursuant to the New York Labor Law, but denies all of such allegations and further denies that Plaintiffs have pleaded a claim upon which relief could be granted or that class certification is appropriate.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and denies same.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, including the allegations in subparts (a) through (f) of paragraph 22 of the Complaint.

## AS TO "STATEMENT OF FACTS"

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT"

32. Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 31, with the same force and effect as if more fully set forth herein and denies all allegations not admitted unequivocally hereinabove.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

### AS TO "SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW"

42. Defendant repeats, reiterates and realleges each and every response contained in paragraphs numbered 1 through 41, with the same force and effect as if more fully set forth herein and denies all allegations not admitted unequivocally hereinabove.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

### AS TO THE "PRAYER FOR RELIEF" CLAUSE

47. Defendant denies all allegations not unequivocally admitted herein and further denies that Plaintiffs are entitled to the relief requested, including subparts (a) through (i) of the Prayer For Relief.

## AS TO "DEMAND FOR TRIAL BY JURY"

48. Defendant objects to Plaintiffs' demand for a jury trial of all issues.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

49. Plaintiffs' State law claim must be dismissed because Defendant SCO Family of Services "opted out" of the overtime requirements contained in 12 N.Y.C.R.R. Part 142, is covered under the provisions of Part 143 and is not subject to said law.

## SECOND AFFIRMATIVE DEFENSE

50. Plaintiffs' federal causes of action for overtime should be dismissed to the extent that Defendant SCO Family of Services is neither an enterprise as that term is defined under the FLSA nor is SCO Family of Services sufficiently engaged in interstate commerce sufficient to warrant individual coverage of the named Plaintiffs or of the putative "class".

## THIRD AFFIRMATIVE DEFENSE

51. Plaintiffs' Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## FOURTH AFFIRMATIVE DEFENSE

52. At all times relevant hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines and, as such, the statute of limitation under the FLSA is two years and liquidated damages cannot be awarded.

### FIFTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

54. Defendant believed in good faith and had reasonable grounds to believe that Plaintiffs were exempt from the overtime requirements of the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiffs are not similarly situated to the putative class members and, as such, should not be part of any action under FLSA Section 216(b).

### EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiffs are not adequate representatives of the putative class members and, as such, should not be part of any action under the FLSA or New York law.

### NINTH AFFIRMATIVE DEFENSE

57. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §§258(a) and 259(a), because Defendant has, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

58. The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. §216(b).

### ELEVENTH AFFIRMATIVE DEFENSE

59. The relief sought in the Complaint is barred, in part, because expert witness fees and costs are not recoverable in actions pursued under 29 U.S.C. §216(b).

## TWELFTH AFFIRMATIVE DEFENSE

60. The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs are estopped by their own conduct from recovering any damages or any relief against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

61. This case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported class members.

## FOURTEENTH AFFIRMATIVE DEFENSE

62. Plaintiffs cannot establish and maintain a class action because they cannot demonstrate that a class action is superior to other methods available for adjudicating the controversy.

## FIFTEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in the case.

## SIXTEENTH AFFIRMATIVE DEFENSE

64. Plaintiffs cannot establish and maintain a class action because the class members' proposed geographic area would make adjudicating this controversy as a class action unduly difficult and this Court is not a proper venue for claims of the purported unidentified additional plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

65. This action cannot be certified and pendent or other jurisdiction should not be exercised over Plaintiffs' New York Wage Law claim because, inter alia,

Plaintiffs seek to evade the prohibition against a class action pursuant to Article 9 of the CPLR, and New York law is different from the FLSA and is applicable to a limited number of Defendants' incumbent and former employees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

66.   Plaintiffs have been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

67.   Plaintiffs cannot maintain a class action under the New York Labor Law because the statute provides for an award of liquidated damages and, as such, Plaintiffs are seeking a "penalty" which precludes pursuit of this claim as a class action.

**WHEREFORE**, Defendant prays that the Court:

a. dismiss the Complaint in its entirety, with prejudice;

b. deny each and every demand and prayer for relief contained in the Complaint;

c. award Defendant reasonable attorneys' fees and costs; and

d. grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       May 30, 2006

Respectfully submitted,

JACKSON LEWIS LLP
*Attorneys for Defendant*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404


By:   /s/_____
      Paul J. Siegel (PS2245)
      Craig S. Roberts (CR0155)

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2006, I caused a true and correct copy of the enclosed Defendant's Answer to Plaintiff's Complaint electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

/s/
CRAIG S. ROBERTS