

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR

PROVIDENCE, RI
RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

February 13, 2007

**FILED VIA ECF**

Hon. William D. Wall
U.S. Magistrate Judge
U. S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

          Re:    Chambers, et al. v. SCO Family of Services
                Index No.: 06-1275

Dear Magistrate Judge Wall:

      As counsel for Defendant, we are writing in response to Plaintiff's letter, dated February 5, 2007, requesting permission to "expand the scope of discovery," which is currently limited to the named Plaintiffs. Plaintiffs seek to expand discovery to include all employees (presumably with the same title) in the "child care program in which Plaintiffs worked". At the preliminary conference, the Court denied Plaintiffs request to expand the scope of discovery and limited discovery to the named Plaintiffs only. Nothing has changed since that time to warrant a different result.

      Critically, Plaintiffs' letter is unclear with respect to exactly what discovery they seek and should be denied on this ground alone. Plaintiffs' request to "expand the scope of discovery" without providing a description of the specific items requested makes it impossible for Defendant to respond or for the Court to rule on the request.[1] To the extent they seek the names and addresses of other employees, the ability to propound discovery requests regarding these additional employees (interrogatories, document requests, admissions) and the ability to depose their supervisors, that request should be denied.[2] None of these individuals has filed a consent form opting into this action, as required by 29 U.S.C. § 216(b). The opt-in procedure, unique to FLSA cases, was enacted to present just this type of abuse—allowing one person to prosecute claims of others without their consent or to engage in mass solicitation. If others wish to join the action, they must file a consent form; only after the consent form is filed, should discovery regarding them be permitted.

      Plaintiffs' request circumvents the procedure applied in this District for managing collective actions brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

---

[1] The only clue to Plaintiffs' request is in the last paragraph of Plaintiffs letter where they indicate they need "additional information to reconstruct their overtime hours," yet, the information they claim they need is not identified and seems to relate to persons other than the current Plaintiffs themselves.

[2] Plaintiffs discovery requests, it should be noted, have been voluminous, and if their request was granted, Defendant, a not-for-profit organization would be overwhelmed if such requests were made as to each employee they seek to represent. Plaintiffs' document requests and interrogatories are attached as exhibits 1 and 2, respectively.



Under the FLSA, an employee who seeks to proceed collectively has the burden of proving he is "similarly situated" to those he seeks to represent. 29 U.S.C. § 216(b); Hofmann La Roche v. Sperling, 493 U.S. 165 (1989). The FLSA's "collective action" is distinguishable from a Rule 23 "class action" in that those wishing to join must affirmatively opt-in by filing a consent form. Torres v. Gristede's Operating Corp., 2006 U.S. Dist. LEXIS 74039, *22 (S.D.N.Y. September 28, 2006). Although the Second Circuit has not articulated a test for determining whether a named plaintiff is "similarly situated" to those he seeks to represent (and the FLSA does not contain any definition of the term), District Courts generally have adopted a "two-step" approach. Id.; Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627, *6-** (S.D.N.Y. June 12, 2006).

The first stage, sometimes referred to as the "notice" phase, occurs before discovery has been completed. To obtain an order authorizing notice to be sent to putative class members, the plaintiff must make "substantial" allegations that he or she and the proposed putative class were, together, victims of a "common policy or plan that violated the law." Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005); Richards v. Computer Sciences Corp., 2004 U.S. Dist. LEXIS 19638, *8 (D. Conn. Sept. 28, 2004); Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995). Conclusory allegations are insufficient. Prizmic, at *6. At the second stage (after discovery is completed), the plaintiff must satisfy a more rigorous standard. See Torres, 2006 U.S. Dist. LEXIS 74039 at *23; Barfield v. N.Y. City Health and Hosps. Corp., 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 17, 2005) (denying motion for collective certification of hospital nurses and holding that "anecdotal hearsay" was insufficient to establish purported company-wide unlawful policy or plan); Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539, *8 (S.D.N.Y. Oct. 22, 2002) (denying motion to send notice where the evidence was insufficient to prove plaintiffs were similarly situated to those they should to represent). Plaintiffs have not satisfied these standards.

Plaintiffs cannot seek class wide discovery, which would assist Plaintiffs with the improper solicitation of claims, a result the Supreme Court warned against. See Sperling, 493 U.S. at 174 ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims and lead to abuse. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality"); Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d. 941, 944 (W.D. Ark. 2003) (denying plaintiff's motion to send notice stating "this Court has a responsibility to avoid stirring up of litigation through unwarranted solicitation"); Armstrong v. Weichert Realtors, 2006 U.S. Dist. Lexis 31351 (D. N.J. May 19, 2006) ("Class actions serve important goals but also present opportunities for abuse. Requiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions").[3]

---

[3] Plaintiffs worked in a total of nine programs. Each program has multiple locations and hundreds of past and current employees, exempt and non-exempt alike. Granting Plaintiffs such a broad scope of discovery is a recipe for abuse. Named Plaintiffs (Malcolm Chambers and Kimberly Reaves) worked in several programs. Each program, in turn, operated up to seven separate homes or locations, each with its own supervisors and staff. Each location also employs people in various positions, managerial and non-managerial, with different functions within each site. Plaintiffs' request, if granted by the Court, would encompass hundreds of workers, without regard to their particular program, work site, FLSA exempt status, job title or job duties. Rather than seeking to prove Plaintiffs' own claims, they and counsel are trying to build a costly collective action. The named Plaintiffs did not even work in the particular "child-care program" to which they refer.



Hon. William D. Wall
February 13, 2007
Page 3

While Plaintiff has cited District Court cases allowing limited discovery prior to certification, courts in this District permit such limited discovery only after conditional certification has been *denied* and only where Plaintiff has provided facts to establish they are similarly situated. See Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627, *8-10 (S.D.N.Y. June 12, 2006) (noting where conditional certification is *denied*, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective action warrant conditional certification, but only where the plaintiff has provided some facts that they are similarly situated); Barfield v. New York City Health and Hosp., 2005 U.S. Dist. Lexis 28884 (S.D.N.Y. November 18, 2005) (denying request for names and addresses because plaintiff failed to prove she was similarly situated to those she sought to represent); see also, Crawford v. Dothan City Board of Education, 214 F.R.D. 694 (M.D. Ala. 2003) (denying discovery prior to conditional certification).

Here, Plaintiffs have yet to produce <u>credible</u> evidence establishing they are similarly situated to former co-workers. Other than the unsworn, unfounded allegations in their Complaint, Plaintiffs have yet to produce evidence of a violation of the FLSA; that the program in which they worked long ago at SCO is subject to the FLSA; or that Plaintiffs are proper representatives in this action. Absent this showing, expanding discovery should not be permitted.

In addition to this lack of critical evidence, while Plaintiffs seek class wide discovery, Plaintiffs have not even complied with their own discovery obligations.[4] They have not produced a single document; Plaintiff Chambers' interrogatories answers are perfunctory and non-responsive; and, Plaintiff Reeves has ignored entirely this case, not even responding to his counsel's request to cooperate. Plaintiffs should not be permitted to expand the scope of discovery, yet shirk their obligations to provide discovery to Defendant.

Finally, Plaintiffs' argument that expanded discovery is needed to discover evidence of willfulness, like the contention that they cannot ascertain their own FLSA status and claim, is another back-door attempt to circumvent the court-directed procedure under Section 216. Accordingly, Plaintiffs request to expand the scope of discovery, and thereby circumvent the FLSA opt-in procedure, should be denied.

Very truly yours,

JACKSON LEWIS LLP

Paul J. Siegel
Craig S. Roberts

CSR:pav

cc: Fran L. Rudich, Esq. (via ECF)
    Jeffrey M. Gottlieb, Esq. (via ECF)
    Brian L. Bromberg, Esq. (via ECF)

---

[4] In contrast, Defendant answered Plaintiffs' discovery requests and produced over 600 pages of documents <u>plus</u> interrogatory answers as to Plaintiffs themselves.